NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELA BERTHA SANTIZO-DE LEON, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 25-1920 Agency No. A070-952-687 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2026**
Phoenix, Arizona

Before: CLIFTON, BYBEE, and MILLER, Circuit Judges.

Angela Bertha Santizo-De Leon, a native and citizen of Guatemala, petitions

for review of a Board of Immigration Appeals (BIA) order dismissing her appeal

from an immigration judge's (IJ) decision that denied her request for a

continuance. Petitioner sought a continuance for the purpose of filing an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for cancellation of removal, based on her marriage to a permanent resident.  Because Petitioner failed to exhaust her claim, we deny the petition.

In her opening brief, Petitioner alleged that the agency violated her constitutional right to due process.  She argued that the IJ "conducted a very limited inquiry" into whether her spouse would suffer extreme hardship if she were removed to Guatemala.  Petitioner failed to raise this issue before the BIA.  In fact, she did not file a brief before the BIA, nor did she mention any due process concerns in her notice of appeal.  "If [Petitioner] had raised this due process issue before the IJ or BIA in the context of requesting a continuance, that would have preserved the due process claim for appeal," but she did not.  *Sola v. Holder*, 720 F.3d 1134, 1136 (9th Cir. 2013).  Because Petitioner did not exhaust this issue, we do not consider it.  *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (exhaustion requirement of section 1252(d)(1) is "mandatory" if a party "properly raises it" (citations omitted)).

Even if Petitioner's claim had been exhausted, it would still fail.  First, cancellation of removal is a discretionary form of relief, and as this court has previously held, the denial of such relief "cannot violate a substantive interest protected by the Due Process [C]lause."  *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003).  Second, "[t]he decision to grant or deny the continuance is within 'the sound discretion of the judge and will not be overturned except on a showing

of clear abuse.'" *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (quoting *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008)). Here, the record does not support the conclusion that the agency abused its discretion. In denying Petitioner a continuance, the agency noted that she failed to demonstrate an "exceptional and extremely unusual hardship" to her spouse if she were removed to Guatemala: Petitioner's husband was "quite healthy" and had no medical condition that would require caretaking. 8 U.S.C. § 1229b(b)(1)(D). Further, the spouses were living in different states at the time of adjudication: Petitioner in Arizona, and her spouse in New Mexico. Finally, Petitioner mentioned emotional suffering that would result from their separation, but the IJ correctly concluded that this does not rise to the requisite level of "extremely unusual and exceptional hardship." *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005).

The motion to stay removal, Dkt. No. 2, is hereby denied.

**PETITION DENIED.**